UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRIUS BROWN,

        Plaintiff,

                                                    File No. 2:08-cv-161

v.

                                                    HON. ROBERT HOLMES BELL

MICHIGAN PAROLE BOARD, et al.,

        Defendants.
                                          /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On August 8, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Demetrius Brown's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim.  (Dkt. No. 4.)  Plaintiff filed objections to the R&R on August 18, 2008, and supplemental objections on August 27, 2008. (Dkt. Nos. 7, 8.)  For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).

Plaintiff contends that he was charged with murder, but convicted of a lesser charge of assault with intent to commit murder. Plaintiff claims that his Fourteenth Amendment due process rights and Fifth Amendment right against self-incrimination were violated as a result of his remaining silent at his parole hearing regarding his involvement in offenses for which he was charged but not convicted; he contends that this silence was used as a basis to deny parole. The R&R dismissed Plaintiff's claim under the Fourteenth Amendment because Plaintiff does not have a liberty interest in parole. The Court concurs with those conclusions.

Plaintiff also contends that he was improperly denied parole based on false information. However, Plaintiff does not have a constitutional right to a parole decision based on accurate information; even if the parole board relied on inaccurate information to deny parole, "thereby treating [Plaintiff] unfairly during the parole process," Plaintiff's claim fails because he "has no constitutionally-protected liberty interest in the granting of parole or the following of parole procedures." *Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006) (citing *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994)).

Similarly, Plaintiff's claims that the parole board violated its internal rules and procedures by denying parole based on charged crimes that did not result in a conviction are not, in themselves, cognizable under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *see also Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.1994) ("That Michigan parole authorities 'arbitrarily' failed to follow their own state procedural standards could constitute a violation of state law but not federal law.").

Plaintiff also fails to state a claim for a substantive due process violation. Plaintiff's reliance on *Block v. Potter*, 631 F.2d 233 (3d Cir. 1980), is misplaced. Plaintiff argues that, under the rationale in *Block*, the arbitrary and capricious actions of Defendants in denying him release on parole violates Plaintiff's substantive due process rights. However, the reasoning in *Block* that an arbitrary parole decision can violate substantive due process rights, even in the absence of an identifiable liberty interest in parole, has not been adopted by the Sixth Circuit. *Bell v. Anderson*, 310 F. App'x 459, 462 (6th Cir. 2008). Moreover, the parole board's actions in the instant case do not "shock the conscience"; the standard for arbitrary conduct violating substantive due process rights is "an exceptionally high one." *Id.* Plaintiff does not contend, as did the plaintiff in *Block*, that he was denied parole because of his race or because of any other constitutionally impermissible factor. *See id.* (distinguishing *Block*).

The R&R did not address Plaintiff's Fifth Amendment claim; however, this claim is also without merit. The Supreme Court has held that a voluntary parole interview does not "compel" a respondent to speak such that it would violate the prisoner's Fifth Amendment right against self-incrimination. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) (unpublished) (applying *Woodard* to the Michigan parole system).

The R&R also did not address Plaintiff's claim that Mich. Comp. Laws § 791.234(11) violates the Ex Post Facto Clause. Prior to amendment in 1999, a parole board decision was

appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted. Mich. Comp. Laws § 791.234(7) (West 1998). In 1999, the Michigan Legislature amended the statute to allow for appeals only by the prosecutor or the victim in cases where parole is granted. Mich. Comp. Laws § 791.234(9) (West 2000). The section allowing appeals is currently set forth in Mich. Comp. Laws § 791.234(11) (West 2009). In response to the 1999 amendment, the Michigan Supreme Court amended Michigan Court Rule 7.104 to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* Mich. Ct. R. 7.104(D) (West 2009). In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631. *Morales v. Michigan Parole Bd.*, 676 N.W.2d 221, 227-30 (Mich. App. 2003).

A new parole-related rule or regulation implicates the Ex Post Facto Clause when "retroactive application of the change creates a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000). The elimination of a right to appeal a denial of parole does not create a significant risk of increasing the measure of punishment attached to covered crimes. Thus, Plaintiff cannot establish an Ex Post Facto violation as a result of changes to Mich. Comp. Laws § 791.234(11).

Plaintiff also claims that he was denied parole in retaliation for exercising his Fifth Amendment right against self-incrimination. To succeed on his claim of retaliation under the First Amendment, Plaintiff must show: (1) that he engaged in protected activity; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action was motivated, at least in part, by Plaintiff's protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). However, Plaintiff's right against self-incrimination under the Fifth Amendment is not implicated in a parole interview, and the Court is not aware of any precedent holding that silence in such circumstances is "protected conduct" under the First Amendment. Because Plaintiff cannot establish that he engaged in protected conduct, his claim of retaliation is without merit.

Finally, the Magistrate Judge determined that Plaintiff cannot sue the Michigan Parole Board because it is immune from suit under the Eleventh Amendment. Plaintiff argues that the Court cannot summarily dismiss a claim on this basis without service on Defendants because immunity is an affirmative defense. However, the Court may dismiss a § 1983 action "at any time" if it determines that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i); 42 U.S.C. § 1997e(c)(1).

For the foregoing reasons, Plaintiff's objections will be denied and the R&R will be adopted as the opinion of the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 7, 8) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4), as supplemented by the foregoing opinion, is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Demetrius Brown's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: March 25, 2009               /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE